Filed 10/13/25  In re T.J. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| In re T.J., a Person Coming Under the Juvenile Court Law. | |
| AMADOR COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.J., <br><br> Defendant and Appellant. | C103112 <br><br> (Super. Ct. No. 23DP00882) |

Appellant M.J., father of the minor T.J., appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code,[1] §§ 366.26, 396.)  Father claims the Amador County Department of Social Services (Department) and the juvenile court failed to fulfill their respective duties of inquiry as required by the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.), and the juvenile court abused its discretion when it found the ICWA did not apply.  The

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Department concedes the error. We agree that remand is appropriate. Accordingly, we will conditionally reverse the orders of the juvenile court and remand for further compliance with the ICWA.

## BACKGROUND

Because the issues on appeal are limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedural history.

### *Prior Family Maintenance Proceedings*

In early 2023, the minor was in an open family maintenance case in the home of his mother, A.P. (mother). Father was incarcerated. According to the disposition report from those prior proceedings, mother informed the Department she had no known Indian ancestry. The social worker had been unable to obtain information from father but paternal grandfather and paternal stepgrandmother both stated there was no known Indian heritage on father's side of the family. On January 26, 2023, the juvenile court found there was no reason to believe the minor was an Indian child and therefore the ICWA did not apply.

The juvenile court exercised dependency jurisdiction over the minor in February 2023. Mother and maternal grandmother were present at the disposition hearing on March 23, 2023, and the continued disposition hearing on April 13, 2023. Father was not present. The juvenile court reiterated its previous ICWA findings and ordered that the minor remain in mother's custody with family maintenance services.

### *Current Proceedings Pursuant to Section 342 Petition*

On July 31, 2023, the juvenile court ordered the then one-year-old minor detained from mother's custody pursuant to a section 342 (subsequent) dependency petition alleging serious physical harm (§ 300, subd. (a)) and failure to protect (§ 300, subd. (b))

due to mother's substance abuse issues and neglect of the minor.[2]  Mother and maternal grandmother were present but were not asked about possible Indian ancestry.  Father was not present but his counsel informed the court of father's statement that he had no Indian heritage.  The court directed counsel to have father complete a parental notification of Indian status form (ICWA-020) prior to the next hearing.  The court's findings and orders after the hearing include a finding that the ICWA does not apply.

Father did not attend the August 24, 2023, jurisdiction hearing.  Mother and maternal grandmother were present.  The juvenile court sustained the section 342 petition but made no ICWA inquiry or findings.

The Department's October 2023 disposition report noted father reported having four sisters and one brother, although no names or contact information were included.  According to the report, the Department conducted an ICWA inquiry of father, paternal grandmother and grandfather, paternal great-grandmother and great-grandfather, mother, maternal aunt, and maternal grandmother, each of whom denied any known Indian heritage.  The Department recommended the juvenile court again find the ICWA inapplicable.

Neither mother nor maternal grandmother were present at the October 12, 2023, continued disposition hearing, but father was present in custody.  The juvenile court stated, "We've . . . previously inquired about Indian heritage.  The Court finds that the parties continue to be instructed to let the Court know if they receive any information with respect to Indian heritage.  For today we'll find that ICWA does not apply until we learn something different."  The court ordered continued out-of-home placement for the minor and reunification services for both parents.

---

[2]  According to the social worker's inquiry at the time the section 342 petition was filed, mother claimed she had no known Indian ancestry.

Mother and maternal grandmother were present, as was father (in custody), for review hearings in May, June, and September 2024. No further ICWA inquiries were made at those hearings. On September 12, 2024, the juvenile court terminated the parents' reunification services and set the matter for a section 366.26 hearing.

On October 25, 2024, mother filed her completed ICWA-020 form indicating she had no Indian ancestry. Father filed his completed ICWA-020 form on November 26, 2024, indicating he had no Indian ancestry.

The Department's section 366.26 report, filed December 31, 2024, stated the ICWA does not apply, noting mother's verbal denial of Indian heritage and both parents' ICWA-020 forms indicating no Indian heritage. A state adoptions assessment attached to the report identified several extended family members: maternal grandmother J.M., maternal aunt C.P., maternal aunt S. (last name unknown), paternal grandparents T.J. and W.J., and paternal great-grandparents F.A. and B.A. Father's siblings were not identified.

The section 366.26 hearing commenced on February 13, 2025, with mother present and father present in custody. Maternal grandmother was also present. The juvenile court noted its prior finding that the ICWA did not apply and terminated parental rights, finding adoption to be the appropriate permanent plan. Father appeals.

## DISCUSSION

Father contends the juvenile court failed to ensure the Department complied with the mandatory duty of inquiry under the ICWA and failed to conduct its own ICWA inquiry as well. Consequently, he concludes the juvenile court's findings that the ICWA does not apply are not supported by the evidence. In particular, father claims the Department failed to inquire of his four sisters and one brother, as well as the mother of the minor's half sibling as "a person of interest." The Department concedes that it must make further inquiry of maternal grandmother to determine if she has any new information regarding possible Indian ancestry, and that it must attempt to contact all known paternal relatives, including the paternal uncle, four paternal aunts, and paternal

4

grandmother. We accept the Department's concession and conclude that conditional reversal is appropriate in this case.

Child welfare agencies and juvenile courts "have 'an affirmative and continuing duty' in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1131-1132.) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.) "When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*In re Dezi C.*, at p. 1132, fn. omitted.)

A juvenile court must make a finding whether the ICWA applies. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.) A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) Its "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102)

Here, father was not present at the initial hearing on the section 342 petition, but, in his absence, his counsel informed the juvenile court about his statement denying any Indian ancestry. However, the court never confirmed that information with father when

5

he was present at subsequent hearings. In fact, despite the attendance of mother, father, and maternal grandmother at many of the hearings, the record does not reflect the court ever made any inquiry of them regarding possible Indian ancestry. Although there is evidence in the record that the Department inquired of the parents, paternal grandparents, paternal great-grandparents, maternal aunt, and maternal grandmother, all of whom denied Indian ancestry, there is no evidence the Department attempted to contact or inquire of father's brother and four sisters. The Department concedes the court's lack of inquiry of maternal grandmother, as well as its own failure to contact or inquire of the paternal extended relatives, was error and agrees that conditional reversal for further ICWA proceedings is appropriate.

Finally, father claims the Department's duty of inquiry extended to J.A., mother of the minor's half sibling, whom father argues is the minor's "stepmother" and an "interested person" for purposes of section 224.2, subdivision (b). But, as the Department aptly notes, J.A. was never the minor's stepmother. She was married to and divorced from father *prior to mother giving birth to* the minor. Therefore, the record is insufficient for this court to determine whether J.A. was an "interested person" for purposes of section 224.2, subdivision (b), and we offer no opinion as to whether the juvenile court should require the Department to inquire of her.

Given our conclusion that the juvenile court and the Department failed to undertake a proper ICWA inquiry and the matter must be remanded for further ICWA proceedings, we need not address father's claim that the juvenile court abused its discretion in finding the ICWA did not apply.

**DISPOSITION**

The juvenile court's orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2, 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the

6

juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes the ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions, including considering any petition filed to invalidate prior orders. (§ 224, subd. (e).)

_____/s/_____
WISEMAN, J.*

We concur:

_____/s/_____
EARL, P. J.

_____/s/_____
KRAUSE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.